IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01057-PAB-MEH

EDGAR RIVERA, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

EXETER FINANCE CORP.,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion for Class Certification and Appointment of Class Counsel [Docket No. 107/Public Entry Docket No. 110] and Defendant's Amended Motion to Exclude Declaration of David N. McDevitt and Memorandum of Law in Support Thereof [Docket No. 140/Public Entry Docket No. 142]. Plaintiff Edgar Rivera requests certification of a class consisting of:

> Individuals in the United States to whom Defendant (1) made more than one call (2) to such individual's cellular telephone number (3) using its Aspect Unified IP 7.1 dialing system (4) in an attempt to reach a prior subscriber of such individual's cellular telephone number.

Docket No. 107 at 5.  Plaintiff further requests appointment of himself as class representative and Thompson Consumer Law Group, PLLC as class counsel.  *Id.* at 32. Defendant Exeter Finance Corp. requests that the Court strike the declaration of plaintiff's counsel David N. McDevitt attached to the motion to strike.  Docket No. 140.

Plaintiff brings a claim for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  Docket No. 30 at 7.  Defendant is a automotive loan

financing company. Docket No. 131 at 8.[1]  One of defendant's customers, Joyce Romero, granted defendant permission to call a cellular telephone number (the "telephone number") about her loan.  *Id*. at 9; *see also* Docket No. 131-2 at 5, ¶ 13. Ms. Romero was not, however, the subscriber for the AT&T account associated with the telephone number.  Docket No. 131 at 9; Docket No. 131-4 at 5-8.  Defendant contacted Ms. Romero in the spring and summer of 2014.  Docket No. 131 at 9; Docket No. 131-2 at 5, ¶ 13.  At some point later in 2014, Ms. Romero stopped using the telephone number, and it was reassigned to plaintiff.  Docket No. 131 at 9; *see also* Docket No. 131-4 at 9.  Defendant allegedly continued to call the telephone number using an automated telephone dialing system even after it was reassigned to plaintiff, who had not given permission for such automated calls.  Docket No. 30 at 7, ¶ 42.

## I. STANDARD OF REVIEW

A district court may certify a class action if the proposed class satisfies the prerequisites of Fed R. Civ. P. 23(a) as well as the requirements of one of the three types of classes in Rule 23(b).  "The party seeking class certification bears the burden of proving Rule 23's requirements are satisfied." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004)).  In deciding whether the proposed class meets these requirements, the district court "must accept the substantive allegations of the complaint as true," but it "need not blindly rely on conclusory allegations of the complaint which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints." *Id*.

---

[1] These facts are undisputed unless otherwise noted.

(internal quotation marks omitted). "[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (internal quotation marks omitted).

## II. ANALYSIS

Because it is dispositive here, the Court first addresses defendant's argument that plaintiff is not a member of the proposed class. *See* Docket No. 131 at 3, 23. To "have standing to sue as a class representative it is essential that a plaintiff must be a part of that class." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) (citations omitted); *see also Dukes*, 564 U.S. at 348. Plaintiff bears the burden of establishing standing and must do so at every stage of the proceeding in accordance with plaintiff's burden at that stage. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (citations omitted).

Given that Ms. Romero was never the subscriber for the telephone number, defendant claims that plaintiff is not a member of the proposed class because it never dialed the telephone number "in an attempt to reach a prior subscriber of" that number, as required by the class definition. Docket No. 131 at 23. Plaintiff replies to this argument in a footnote. Docket No. 150 at 4 n.2. He does not dispute that Ms. Romero was never the subscriber for the telephone number. *Id*. Instead, plaintiff argues that defendant was trying to reach the prior subscriber "to the extent the subscriber knew how to get in touch with the customer or co-borrower who provided the number." *Id*.

3

There is, however, no basis for this argument. Plaintiff provides no reason to believe that defendant attempted to reach any prior subscriber of the telephone number. Docket No. 150 at 4 n.2. By contrast, defendant provides uncontradicted evidence that, "[o]n multiple occasions in the Spring and Summer of 2014, Exeter spoke to Romero" by telephone using the number at issue. Docket No. 131 at 9 (citing Docket No. 131-2 at 5, ¶ 13). There is simply no reason to believe defendant ever attempted to contact the prior subscriber of the telephone number that was reassigned to plaintiff or would have had any motive to do so. Thus, plaintiff has not shown that he is a member of the proposed class and, therefore, he does not have standing to be class representative for the proposed class. *Schlesinger*, 418 U.S. at 216.

The Court recognizes that it is not bound by the proposed class definition, *Davoll v. Webb*, 194 F.3d 1116, 1146 (10th Cir. 1999), and that plaintiff need not necessarily be held to "plain language of the class definition" because doing so can be "overly formalistic." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004). However, on the present record, it is unclear whether the Court could "limit or modify class definitions to provide the necessary precision" that would make plaintiff a member of the class without creating other standing or class certification issues. *Id*.; *see also Warnick v. Dish Network LLC*, 301 F.R.D. 551, 560 (D. Colo. 2014) (declining to modify the proposed class definition because the court was "concerned that allowing a substantive revision to the class definition after the hearing and the briefing has concluded and without any discovery or discussion by Plaintiffs' experts of the methodology for ascertaining this class would be improper and prejudicial."). Rather, it

would be more appropriate for plaintiff to make a second attempt to propose an "ascertainable class supported by the evidence and a reliable methodology and that meets the requirements of Rule 23." *Warnick*, 301 F.R.D. at 561.  Because the other issues that defendant raises in relation to class definition may be affected by alterations to the definition of the proposed class, the Court will not address those issues at this time.  *See id*. (granting leave to file a new Rule 23 motion with a modified class definition and not addressing further class certification issues); *cf. Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (declining to address issues that might be affected by treatment of the case on remand).

Because the Court does not rely on any portion of the declaration of David N. McDevitt, the Court will deny defendant's motion to strike it as moot.  *See* Docket No. 140.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Class Certification and Appointment of Class Counsel [Docket No. 107/Public Entry Docket No. 110] is **DENIED**.  It is further

**ORDERED** that Defendant's Amended Motion to Exclude Declaration of David N. McDevitt and Memorandum of Law in Support Thereof [Docket No. 140/Public Entry Docket No. 142] is **DENIED** as moot.  It is further

**ORDERED** that plaintiff may file a second motion for class certification within forty-five days of the date of this order.

DATED October 16, 2017.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge