IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 15-cv-01057-PAB-MEH

EDGAR RIVERA, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

EXETER FINANCE CORP.,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Amended Motion for Reconsideration of the Denial of Plaintiff's Second Motion for Class Certification [Docket No. 209]. Plaintiff's principal argument is that the court committed clear error when it found that plaintiff had not presented an ascertainable class. Docket No. 209 at 3.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter* 313 F.2d 91, 92 (10th Cir. 1962). However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their

broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Under any of these standards, plaintiff's motion must be denied. Plaintiff cites no new facts or case law contradictory to the March 31 ruling. Rather, plaintiff simply (1) takes issue with the Court's refusal to find an ascertainable class, (2) directs the Court to a case decided before the Court's March 31 order, and (3) reasserts arguments already presented to and considered by the Court. None of these grounds provide a basis for the Court to reconsider its March 31 order.

It is therefore

**ORDERED** that plaintiff's Amended Motion for Reconsideration of the Denial of Plaintiff's Second Motion for Class Certification [Docket No. 209] is **DENIED**.

DATED November 19, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge